## FRANCIS A. PALMER, Appellant, v. JOHN FOLEY, Respondent.

*It seems*, that without some security given before the granting of an injunction order, or without an order requiring some act on the part of the plaintiff equivalent to the giving of security, such as a deposit of money in court, or unless the conduct of plaintiff has been such as to give ground for an action for malicious or vexatious prosecution, the defendant has no remedy for any damages which he may sustain from the issuing of the injunction.

The undertaking to be given on the granting of a temporary injunction must conform, in terms or in substance, to the requirements of the Code (section 222), and the liability of the sureties is according to those terms.

There is no breach of the condition of the statutory undertaking, unless the court finally decide that plaintiff was not entitled to the injunction, or unless something occurs equivalent to such a decision.

A temporary injunction order was granted herein restraining defendant from intruding into the office of deputy chamberlain of New York city, or performing any of its functions, or exercising its powers; the order was subsequently modified by the court by allowing defendant to institute legal proceedings to test his claim to the office. Under an act of the Legislature, passed during the pendency of the action, plaintiff was deposed from the office of chamberlain, which he held at its commencement. Leave was granted defendant to put in a supplemental answer, setting up the statute and plaintiff's removal thereunder, and to plaintiff to discontinue, in ten days thereafter, on payment of costs. Plaintiff did not discontinue within the time specified; but thereafter, on stipulation of the parties, and on payment of $100, an order of discontinuance was entered. *Held*, that this was not equivalent to a final decision of the court that plaintiff was not entitled to the injunction order when it was granted; that there was no breach of the condition of the undertaking and no right of action thereon ; and that, therefore, an order directing a reference to ascertain defendant's damages, sustained by reason of the injunction, was improperly granted.

(Argued September 25, 1877 ; decided November 13, 1877.)

APPEAL from order of the General Term of the Superior Court of the city of New York, affirming an order of Special Term, which ordered a reference to ascertain defendant's damages by reason of a temporary injunction herein.

This action was brought by plaintiff to restrain defendant from intruding into, from exercising any of the powers, or

performing any of the functions of the office of deputy chamberlain.

Plaintiff, who was chamberlain, alleged title to the office in his deputy, and that defendant had intruded therein. A temporary injunction was granted, enjoining the defendant from, in any manner intruding into, or upon the office, or from performing any of its functions or duties, or exercising any of its power. (See 44 How. Pr., 308.)

Upon the granting of the injunction, an undertaking was given in the form prescribed by the Code, the sureties agreeing that plaintiff would " pay to the defendant so enjoined such damages not exceeding " the sum specified " as he may sustain by reason of the said injunction, if this court, shall finally decide that the said plaintiff was not entitled thereto."

Upon appeal the General Term modified the order so as to allow the defendant to bring any action or proceeding, he may be advised to, to try title to the office, and affirmed the order as thus modified.

Thereafter, under and in pursuance of the city charter of 1873 (§§ 25, 34, 117, chap. 335, Laws of 1873), another person was appointed chamberlain, and plaintiff was deposed from the office; defendant on motion was allowed to set up this statute, and the action of the mayor under it by supplemental answer, on condition that plaintiff might, within ten days after service thereof, discontinue on payment of costs.

The supplemental answer was served; plaintiff did not discontinue within the time limited, but thereafter defendant's attorney, by stipulation, consented that, on payment of $100 costs, the action might be discontinued, and that an order to that effect might be entered; and, in pursuance of the stipulation, an order of discontinuance was entered.

Further facts appear in the opinion.

*William Hildreth Field*, for appellant. A defendant is not entitled to damages for the issuing of an injunction until the court has decided that plaintiff was not entitled to the injunction. (*Shearman* v. *N. Y. C. Mills*, 11 How. Pr.,

269; *Weeks* v. *Southwick*, 12 id., 170; *M. E. Churches of N. Y.* v. *Barker*, 18 N. Y., 463; *Leavitt* v. *Dabney*, 9 Abb. Pr. [N. S.], 373.) Where an order of reference is made to ascertain defendant's damages, the question whether such order was properly made before the entry of final judgment in the action in which the injunction was issued, can only be raised on appeal from the order of reference itself. (*Lawton* v. *Green*, 5 How., 160.)

*A. R. Dyett*, for respondent. The discontinuance of the action by plaintiff was a final decision that he was not entitled to the injunction. (*Cunningham* v. *White*, 45 How. Pr., 486; *Hope* v. *Acker*, 7 Abb., 308; *Mut., etc., Ins. Co.* v. *Roberts*, 4 Sandf. Ch., 592; *Carpenter* v. *Wright*, 4 Bosw., 655; Graham's Pr., 604; *Averill* v. *Patterson*, 10 N. Y., 502; *Pacific, etc., Co.* v. *Luling*, 7 Abb. [N. S.[, 37, 41; Voorhies' Code Notes to § 322, p. 518.) Plaintiff, having succeeded in materially modifying the injunction on appeal to the General Term, was entitled to his costs and counsel fees in procuring such modification. (*Corcoran* v. *Judson*, 24 N. Y., 108; *Rose* v. *Post*, 56 id., 603.)

FOLGER, J. It seems, that without some security given before the granting of an injunction order, or without some order of the court or a judge, requiring some act on the part of the plaintiff, which is equivalent to the giving of security — such as a deposit of money in court — the defendant has no remedy for any damages which he may sustain from the issuing of the injunction, unless the conduct of the plaintiff has been such as to give ground for an action for malicious or vexatious prosecution; nothing of which is shown in this case. Such is the indication of the remarks of the chancellor, in *Cay. Bridge Co.* v. *Magee* (2 Paige, 116–122). In other States it has been intimated or expressly held, that where there is no order or bond, or other security for the payment of damages, there is no obligation on the part of the plaintiff to pay them. (*Sturgis* v. *Knapp*, 33 Vt., 486–572;

*Liv. & Ohio R. R. Co.* v. *Applegate*, 8 Dana, 289.)   This is upon the rule, that any one may proceed to enforce a legal right in a civil action; and that though he did it maliciously, he is not liable therefor, if there be probable cause or ground for it.   (*Warner* v. *Matthews*, 6 Mod., 73.)   For in a civil action the defendant has his costs, and the plaintiff was once amerciable *pro falso clamore*, and it is a claim of right (*Savil* v. *Roberts*, 1 Salk., 14); and costs were given by statute, in place of the amerciament.   Where a party, in good faith, and on a fair presentation of the facts to a court, or to a judicial officer, procures a writ or order of injunction, he is not liable in an action for the damages which the injunction has caused to the person enjoined.   Such is the rule as to any process, or order in the nature of process, thus procured.   (*Daniels* v. *Fielding*, 16 M. & W., 200.)   Where process sued out by a party is afterwards set aside for error, the party is not liable in an action for damages; where it has been set aside for irregularity, or bad faith in obtaining it, he may be.   (*Williams* v. *Smith*, 14 Com. Bench [N. S.], 596; 108 Eng. Com. L. R., 594; see, also, *Miller* v. *Adams*, 52 N. Y., 409; *Carl* v. *Ayers*, 53 id., 14.)

It follows, that the reliance of the defendant is upon the bond or undertaking given by sureties, and then he has no greater or other reliance than is afforded by the terms of the instrument, which they have executed.   Sureties can be held no further, or otherwise, than they have agreed.   *Drummond* v. *Husson* (14 N. Y., 60), is a case analogous to that in hand.   There, was an appeal to this court from a judgment of a General Term, and an undertaking was given in the terms prescribed by the Code of Procedure, section 335, that if the judgment, or any part thereof, be affirmed, the appellant would pay, etc.   The judgment was not affirmed; the appeal was dismissed.   It was argued that the result was substantially the same to the appellant and respondent, as if the judgment had been affirmed; and that, therefore, the respondent had right of action on the undertaking.   This court did not yield assent to that view.   It held that the

event had not occurred for which the undertaking provided, and that the sureties to it were not liable. Further than this, the undertaking to be given on the granting of a provisional or temporary injunction order must conform, in terms or in substance, to the requirements of the Code therefor. (*Bein* v. *Heard*, 12 How. [U. S.], 168.) Hence, when conformed thereto, the liability of sureties is according to those terms. The undertaking given in the case in hand did conform to the demand of the Code. (Section 222.) The condition of it is, that the plaintiff will pay to the defendant such damages, not exceeding an amount which is specified, as the defendant may sustain by reason of the injunction, if the court shall finally decide that the plaintiff was not entitled thereto. There would seem to be no breach of the condition of the undertaking, unless the court has so decided. Plainly, there is not, unless something has taken place equivalent to the court so deciding. It is not pretended that the court has finally decided that the plaintiff was not entitled to the injunction order. That order has not been set aside, vacated, annulled or dissolved. It was modified by the court, but not to such extent as to involve a decision, that the plaintiff was not entitled to the injunction substantially as granted. The defendant was at first enjoined from in any manner intruding into the office of deputy chamberlain of New York city, from performing any of its functions, or exercising any of its powers. It was modified so that he might institute legal proceedings to test his claim to that office. There has been no final determination by the court of what were the rights of the parties at the commencement of the suit, when the injunction was allowed. Upon the passage of a legislative act, during the pendency of the action, the defendant moved for leave to set up in a supplemental answer that statute and the action of the city authorities under it. A cross or accompanying motion was made by the plaintiff for leave to discontinue his action without costs. Leave was granted to the defendant to put in the supplemental answer, and to the plaintiff to discontinue in ten days after it was served, on the payment

of costs. But there was no judicial determination or opinion given upon the merits of the action, or the right of the plaintiff to the injunction order at the time when it was made. The action was never finally determined by judicial decision. By amicable and voluntary agreement of the parties, it was discontinued on the plaintiff paying $100 costs to the defendant, and by consent of parties, a Special Term order was made, carrying that agreement into effect, and the action thus came to an end. It is claimed that this is equivalent to the court finally deciding that the plaintiff was not entitled to the injunction order. Cases are cited which almost hold to that effect. I will not name them. In most of them there was some action of the court, upon the validity or merit of the injunction order, adverse to the plaintiff's right to have had it allowed. The plaintiff after such action discontinued of his own motion, and presumably in consequence thereof. In none of them, was the discontinuance a matter of agreement between the parties to the action. There is, also, another material difference between all those cases and this. The situation of the parties, and their relations to each other, and the rights of the plaintiff to control the office in question, were materially changed during the pendency of the action by the interposition of the Legislature in the affairs of the city, and by the action of the executive of the city, under the authority of the new act. (See Laws of 1873, chap. 335, p. 484, §§ 25, 34, 117.) The plaintiff had been thereby deposed from the office of chamberlain, and whatever his rights and his duties had been at the beginning of the action, in regard to the office of deputy chamberlain, they had ceased. It might well be—it probably was so—that both parties, seeing that a judgment in the action finally deciding what were the rights of the defendant at the commencement of the action, in the office of deputy chamberlain, would be of no practical effect upon that office, and would not make or unmake an incumbent of it, were both willing that an unavailing litigation should end. The plaintiff no longer desired to have a judgment that he was entitled to have his

temporary injunction made permanent. The defendant was so willing that the action should be discontinued before such a judgment, or any judgment was had, that he gave consent with no saving of his rights by virtue of the undertaking. This, we cannot fail to see, is far removed from a final decision by the court that the plaintiff was not entitled to the order. It is quite different, too, from a voluntary discontinuance or dismissal of complaint by the plaintiff of his own motion, in consequence or in view of an adverse interlocutory decision of the court.

We are of the opinion that the facts of this case do not call upon us to hold that the discontinuance of this action was an adjudication by the court, or equivalent to one, that the plaintiff was not, in the first instance, entitled to an injunction order, and that the sureties upon the undertaking have become liable to the defendant.

Coming to the conclusion that there has been no breach of the condition of the undertaking, and that the defendant has no right of action thereon, it would be a useless proceeding to direct a conditional ascertainment of the damages sustained by the defendant by reason of the order, and encourage him to bring his action upon the undertaking, only to decide then what we may as well decide now, upon as full an argument, and probably upon as clear an insight into the law and the facts as we should then have.

The orders appealed from should be reversed, and the application denied.

All concur.

Ordered accordingly.