## SUPREME COURT.

JOHN NEUGENT agt. AMOS L. SWAN *et al.*

JAMES YOUNG agt. WM. W. CAMPBELL and others.

*Reference — to ascertain the damages caused by an injunction — When to be had — What is a final determination, that plaintiff was not entitled to such injunction.*

A reference to ascertain the damages caused by an injunction can only be had when there has been a final determination that the plaintiff was not entitled to such injunction, or something equivalent to such a determination.

That the injunction was dissolved on motion, pending the action, is not enough, as that may have been done for various reasons in no way affecting the merits, and yet the court might, at the final hearing, decide that the defendant ought to be enjoined.

Where by supplemental answer, the defendants were allowed by the court to make so sweeping a change in the issue as to aver a fact which occurred after the injunction was dissolved, and in effect not only changed the plaintiff's right to the relief sought, but practically deprived him of it and defeated the object of the action, or rendered it of no value, and as a condition allowed the plaintiff to discontinue without costs, which he did:

*Held,* that there had not been a final determination by the court, or what was equivalent to one, that the plaintiff was not entitled to the injunction when granted, and that the defendants were not entitled to a reference.

Where a like supplemental answer had been allowed and served, and the action was thereafter ended by what was, in fact, a discontinuance by the consent of the parties and so intended, although it took the form of a dismissal of the complaint:

*Held,* that the same principle should control as if formally discontinued by consent.

*Broome Special Term, May,* 1881.

*S. A. Bowen,* for motion.

*J. E. Dewey,* opposed.

MARTIN, *J.* — This is a motion for a reference to determine the damages sustained by the defendants by reason of an injunction granted in this action. The temporary injunction granted herein was dissolved upon motion, and this action was subsequently discontinued under the following circumstances : The defendants asked leave to interpose a supplemental answer setting up the fact that the tax, the collection of which the plaintiff, by this action, sought to restrain, had been actually collected by the defendants after the commencement of the action and after such injunction was dissolved. The court gave the defendants leave to interpose such supplemental answer but upon the express condition that the plaintiff should also have leave to discontinue the action, without costs, if such supplemental answer should be served. It was served, and the plaintiff availed himself of the condition so imposed by discontinuing the action.

The question presented by this motion then is, has there been, in this case, such a final decision by the court that the plaintiff was not entitled to such injunction as to constitute a breach of the undertaking given upon the granting of such injunction ? I do not think that the order dissolving such injunction can be regarded as a final determination that the plaintiff was not entitled to such injunction. "An order made pending a suit dissolving a temporary injunction by no means determines that the party in whose favor it has been granted may not be entitled to that relief at the final decision of the cause. It may be dissolved for irregularity, or because the case is badly stated in the complaint, or upon the answer of the defendant and affidavits, and yet at the final hearing it may be decided that the defendant ought to be enjoined" (*Methodist Churches of New York* agt. *Barker*, 18 *N. Y.*, 465).

Nor do I think that there has been any such voluntary abandonment of this case by the plaintiff as to render the decision of such motion a final decision that the plaintiff was not entitled to such injunction. This case is unlike the cases of *Carpenter* agt. *Wright* (4 *Bosw.*, 655) and *Coats* agt. *Coats*

(1 *Duer*, 664), cited and relied upon by the defendants. In those cases the actions were abandoned by the plaintiffs presumably in consequence of decision of the court dissolving the temporary injunction therein. But here the defendants were allowed by the court to change the original issue in the action by alleging a fact occurring after the injunction was dissolved by inserting an allegation which, in effect, not only changed the plaintiff's right to the relief demanded by him but it also rendered such relief practically of no value. As a condition to allowing the defendants to make this sweeping change in the issue the court gave the plaintiff the right to discontinue, without costs, which he did. Here was a new condition of things which had arisen since the granting of such injunction and since its dissolution, and it was in view of this new condition of the case that the plaintiff was allowed to discontinue such action, without costs.

I am of the opinion that the defendants having availed themselves of the provisions of the order allowing supplemental answer, they must be deemed to have accepted and assented to the conditions upon which it was granted, and consequently must be regarded as having consented that the plaintiff might discontinue such action without costs upon the service of such supplemental answer. The facts of this case would not, I think, justify me in holding that there had been a final adjudication by the court, or what was equivalent to a final adjudication that the plaintiff was not entitled to the injunction order granted him when granted (*Palmer* agt. *Foley*, 71 *N. Y.*, 106 ; *Benedict* agt. *Benedict*, 15 *Hun*, 305 ; *affirmed*, 76 *N. Y.*, 600). Therefore this motion must be denied, but without costs to either party.

In the case of *Young* agt. *Campbell*, a similar motion was made at the same time. The discontinuance or dismissal of the complaint therein was in fact a discontinuance by the consent of the parties, and was, I think, within the principle of the decision in the *Neugent case ;* and the motion in this case should also be denied without costs to either party.