By the Court.—Sedgwick, Ch. J.
As I understand Palmer v. Foley (71 N. Y. 106), that case will require a reversal of the order appealed from. The court said, as appears on page 112: “Coming to the conclusion that there has been no breach of the condition of the undertaking, and that the defendant has no right of action thereon, it would be a useless proceeding to direct a conditional ascertainment of the damages sustained'by the defendant by reason of the order, arid encourage him to bring his action upon the undertaking, only to decide then, what we may as well decide now,” &c.
It is clear, from the terms of the undertaking, that the defendants or respondents, Dixon and Learned, have no several cause of action upon it. The obligation is to the defendants jointly, including the defendants Williams and Kernochan, who remain defendants in the United States circuit court, if the action has been removed, with the issue undetermined, as to whether the plaintiff was entitled to an injunction against them. There is no intention of saying that if the defendants all joined in an action on the undertaking, proof of several damage could not be taken. All that is now meant is, that the conclusive obligation of the contract is that the parties liable shall be subjected to but one suit. It is not even intended to hold that, if the event of the action in the circuit court was that the plaintiff was entitled to hold the injunction against the defendants there, that a several action could not be maintained by the present respondents. But there has not been such an event. It may be that the issue will be determined in favor of the defendants. Then the latter will have a cause of action on the *481 undertaking. Then it would be manifest not only that the obligors were to be held in but one suit, but that it was a beneficial right under" the contract, that the damages should be assessed in a manner that would prevent their sum being greater than $500.
It might be conceived as possible under some circumstances, that part of the order might stand, but proceedings under it to be stayed, until the action in the circuit court be determined. It is hardly worth while to attempt this, when we consider that if there has been a valid removal, the injunction bond has been removed under the statute into the national court, and that court has a power to direct how the damages shall be assessed.
Such a conclusion is not satisfactory, but it seems to be necessary, provided the action has been removed. This has not been denied on the argument here, nor, as I understand, was it below.
If, from the fact that the undertaking on injunction must be split up in the way in which it is now supposed to be, to justify a removal, it could be held that the statute of removal was not intended to apply tp a case where the undertaking could not be wholly removed, and if the respondents had an interest in the removal sufficient to justify their interference in that matter, then, ultimately, the respondents might have benefit from the undertaking. The matter of the removal is not before us.
Whether or not there has been, as to the respondents, within the meaning of the undertaking and the Code, a final adjudication that the plaintiff was not entitled to the injunction, is not clear on the authority. The late authorities of Palmer v. Foley, already cited, and Pacific Mail Steamship Co. v. Toel (Court of Appeals, June, 1881), seem to require that there be some adjudication beside an order of discontinuance. It is certain that a final adjudication in a specific sense is not necessary. In the case last cited, all there was in *482 the nature of a final adjudication, beside the ex parte order of discontinuance, appeared in an order setting aside the injunction made on the plaintiff’s application, ex parte. Much cannot be needed, when the effect of a discontinuance upon the preliminary injunction is considered. I am inclined to think that it is enough if the plaintiff takes an order of discontinuance that saves, as in the present case, the rights and remedies of the defendant under the undertaking. Such a provision shows, as much as an ex parte order setting aside the injunction, an assent of a specific kind to the injunction order being deemed finally disposed of. It is said that the order, as modified, is not an act of the plaintiff; but the order, with the provision, appears of record as made on his motion. The facts show that he has acted on it, by continuing the action only against the other defendants.
There were other questions in the case, but they do not call for discussion after the case has been disposed of on the positions already considered. As the costs are within the discretion of the court, in this case they should not be imposed on the respondents.
Order reversed, and the motion made below denied here, without costs.
Van'Vorst, J., concurred.