Truax, J.
Section 620 of the Code of Civil Procedure provides in a case of this kind, that the party applying for an injunction must give an undertaking executed by him or by one or more sureties, to the effect that the plaintiff will pay to the party enjoined such damages not exceeding a sum specified in the undertaking as he may sustain by reason of the injunction, if the court finally decides that the plaintiff was not entitled thereto.
The defendant contends that the discontinuance of the action by plaintiff is, in effect, a decision by the court, that the plaintiff was not entitled to the injunction, and cites several authorities to sustain that proposition. But none *678 of the cases cited by him present the same state of facts' that is presented in this case.
In Palmer v. Foley (71 N. Y., 106), an injunction was obtained. On appeal to the general term the order of injunction was modified, and defendant was allowed to put in a supplemental answer on condition that the plaintiff might discontinue on payment of costs. The answer was served. After that an order of discontinuance was entered on consent and on payment of costs. It was claimed by the defendant that what was done was equivalent to the court finally deciding that the plaintiff was not entitled to the injunction.
The court of appeals said: ‘ ‘ Oases are cited which almost hold to that effect. In most of them there was some action of the court upon the validity or merit of the injunction order adverse to the plaintiff’s right to have had it allowed. The plaintiff, after such action, discontinued of his own motion, and presumably in consequence thereof.” The court of appeals held that the court below erred in holding that the discontinuance was an adjudication by the court, or equivalent to one, that' plaintiff was not, in the first instance, entitled to an injunction, and it reversed the order granting a reference.
In Benedict v. Benedict (15 Hun, 305; affirmed in 76 N. Y., 600), there had been a reference to a referee, and there had been an order of reference to hear and determine the action, and the referee had reported that the verbal contract between the parties was void, and refused to decree a specific performance.
_ The court held (see 15 Hun, 307) that the referee had decided nothing concerning said injunctions; that the judgment entered on the report of the referee did ' not in any manner refer to said injunctions or either of them, and that, according to the conditions of the undertaking, there must be a final decision, that is, one made at the termination of the action; and the decision, in order to authorizé an action on the undertaking, must be in effect that the plaintiff was not, at the time of obtaining the injunction, entitled thereto.
In Johnson v. Elwood, 82 N. Y., 362, a temporary injunction was dissolved by stipulation on the termination of another suit.
Motion was then made to dismiss the complaint, and an order was granted on defendant’s motion discontinuing the action. Judgment of discontinuance was entered, and then an order of reference as to damages was granted.
Is was held by the court of appeals that the same was improperly granted, because it had not been finally decided that plaintiff was not entitled to the injunction.
In Waterbury v. Bouker, 10 Hun, 262, the court refused to continue a preliminary injunction, and dissolved the same, *679 and gave plaintiff leave to discontinue the action. It was there held that plaintiff was entitled to a reference as to damages, because “ by the orders made denying the continuance of the injunction and discontinuing the action, it did finally appear that the plaintiff was not entitled to the injunction.”
In the case of Carpenter v. Wright, 4 Bosworth, 655, the injunction on motion of defendants, and on a hearing of all the parties on the merits, was vacated by the order of the court, and thereafter an order was entered at the plaintiff’s instance, discontinuing the action on payment of defendant’s costs. The court held that this was in effect a determination that the plaintiff was not entitled to the order of Injunction.
In the case of The Pacific Mail Steamship Company v. Toel, 85 N. Y., 646, the application by the defendants for a reference to ascertain damages sustained by the injunction was not opposed.
The referee’s report was confirmed at the special term, and plaintiff appealed from such order to the general term, and there the damages were reduced, and plaintiff then appealed to the court of appeals, so that on the appeal to that court the only question there to be determined was whether the court at special term erred in confirming the report and whether the order at general term was erroneous.
The court of appeals said (see page 647) that the only matter litigated before the referee was the amount of damages. And further, “we cannot inquire now whether or not plaintiff was, in fact, entitled to the injunction. That matter, for the purposes of this proceeding, has been conclusively established against the plaintiff.” In Hope v. Acker, 7 Abb. Pr. Cases, 308, this court at special term said that “ a discontinuance terminates an action to all purposes, and operates to dissolve an injunction. If such facts give the defendant a right" to damages upon the undertaking, he must establish it by actions thereon.” The question now before me was not before the court in Hope v. Acker.
I am of the opinion that before an order of reference can be granted in an action of this kind, there must be some determination by the court that the plaintiff was not entitled to the injunction, and that such fact has not been decided in this case. It is not enough that the plaintiff has discontinued the action.
The motion is denied, but without costs.