## AMBERG *v.* KRAMER.

*(Supreme Court, General Term, First Department.* February 14, 1890.)

INJUNCTION—ADJUDICATION OF RIGHT—DAMAGES.

> Plaintiff sued to enjoin defendant from executing a warrant for the removal of plaintiff from the occupation of certain premises, and obtained a preliminary injunction, which was subsequently vacated, plaintiff consenting thereto. A motion for leave to discontinue the action was opposed by defendant, but granted on payment by plaintiff of the taxed costs of the suit. *Held,* that there had been a determination that plaintiff was not entitled to the injunction, and that defendant was entitled to an order of reference to ascertain his damages.

Appeal from special term, New York county.

Action for an injunction by Gustav Amberg against William Kramer. From order appointing a referee to assess the damages sustained by defendant by reason of the injunction issued therein, plaintiff appeals. For former litigation, see 3 N. Y. Supp. 240, 4 N. Y. Supp. 613, 6 N. Y. Supp. 303.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*J. E. Neuberger,* for appellant. *David Gerber,* for respondent.

VAN BRUNT, P. J. In November, 1888, the plaintiff commenced an action against the defendant for the purpose of procuring an injunction to restrain the defendant from causing to be executed a warrant issued by one of the justices of the district court of the city of New York commanding the removal of all persons and the plaintiff from the occupation of the premises known as "Nos. 46 and 48 Bowery," in the city of New York. He obtained a preliminary injunction, and an order to show cause, returnable on the 6th December, 1888, why the injunction should not be continued during the pendency of the action. At the time of the obtaining of the preliminary injunction an undertaking to secure the defendants enjoined for such damages as they might sustain by the injunction was presented to and approved by the court. Upon the motion coming on to be heard for the continuance of the injunction, on motion of counsel for the defendants, counsel for the plaintiff appearing and consenting thereto, such injunction order was vacated and set aside, and the motion to continue the same denied, with $10 costs. Subsequently the plaintiff made a motion for leave to discontinue the action, which motion was opposed by the defendants, but was granted by the court on payment by the plaintiff of all the costs of the action, to be taxed by the clerk. These costs were taxed and paid, and the action discontinued. An application was thereupon made for a reference to ascertain the damages sustained by the defendant by reason of the injunction, and an order was made referring it to a referee to ascertain such damages, and from such order this appeal is taken.

The appellant seems to rely upon the case of *Palmer* v. *Foley,* 71 N. Y. 106, where it was held that, under the facts appearing in that case, the order was improper, because there had been no final judgment given upon the merits of the action, or of the right of the plaintiff to the injunction at the time it was made. An examination of that case, however, shows that the ground upon which the court held that no damages could be recovered was because the action had been settled and discontinued by amicable and voluntary agreement of the parties, and that they virtually fixed their own damages, and the sole action of the court was to ratify that agreement by entering the order carrying it into effect, and that the action thus came to an end. There was therefore no determination whatever that the plaintiff was not entitled to the injunction granted. The case of *Steam-Ship Co.* v. *Toel,* 85 N. Y. 646, is an express authority showing that under circumstances like those in the case at bar the court had the power to make the order of reference. In that case the plaintiff, who had obtained a preliminary injunction, after it was served entered an order vacating it, and subsequently, without the consent of the defendant, entered an order *ex parte* discontinuing the action. It was held

that this *ex parte* order was equivalent to a determination that the plaintiff was not entitled to the injunction, and that the defendant was entitled to an order of reference to ascertain the damages by reason thereof. In the case at bar, it is true, the order of discontinuance was not entered *ex parte*, but it was entered notwithstanding the opposition of the defendants; and the court adjudged, therefore, upon the confession of the plaintiff, that the plaintiff was not entitled to the injunction in allowing him to discontinue the action. We are of opinion, therefore, that the order should be affirmed, with $10 costs and disbursements. All concur.