### JORDAN v. DONNELLY et al.

*(Supreme Court, General Term, Third Department.* November 26, 1890.)

DISSOLUTION OF INJUNCTION—DAMAGES.

Where an *ex parte* preliminary injunction is vacated on a contested motion, without stating why it was vacated, and the complaint is dismissed on the trial, the conclusion is warranted that the court finally decided that plaintiff was not entitled to the preliminary injunction, and an order appointing a reference to ascertain the damages on a bond given under Code Civil Proc. N. Y. § 620, providing for damages if the court finds plaintiff was not entitled to the injunction, will not be disturbed.

Appeal from special term, Ulster county.

Action for an injunction brought by Bridget Jordan against Mary Donnelly and another. Defendant Donnelly appeals from an order appointing a referee to ascertain the damages sustained by her by reason of an *ex parte* preliminary injunction, which restrained her from suffering rain-water to be discharged from a roof upon her premises upon the premises of plaintiff. The alleged nuisance was abated in October, 1887, by a co-defendant of the respondent, the latter being the tenant of the former. In February, 1888, the special term, upon motion of the defendants, counsel for plaintiff opposing, and upon the pleadings and various affidavits, vacated the injunction order. At the circuit in April, 1890, the case coming on for trial, the plaintiff made default, and the complaint was dismissed, with costs against the plaintiff. An affidavit on the part of the plaintiff made on information and belief states that the respondent never did anything to comply with the injunction order, but disobeyed and violated the same.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*O. D. B. Hasbrouck*, for appellant. *John D. Eckert*, for respondent.

LANDON, J. The undertaking, conformably with section 620, Code Civil Proc., provides that "the plaintiff will pay the party enjoined such damages * * * as he may sustain by reason of the injunction, if the court finally decides that the plaintiff was not entitled thereto." The order vacating the injunction does not state why it was vacated, and the judgment dismissing the complaint is silent upon this point. The plaintiff hence contends that it does not appear that the court has finally decided that the plaintiff was not entitled to the preliminary injunction, and that there is some ground to suppose that it was vacated because it had accomplished its purpose. We think this contention untenable. The plaintiff obtained the injunction *ex parte.* As soon as it was brought to the test of judicial decision, upon hearing both sides, it was vacated, and when the case was finally brought to trial the complaint was dismissed. We think the conclusion is warranted that the court has finally decided that the plaintiff was not entitled to the preliminary injunction. It is a question of the effect of the evidence. In the cases relied upon by the appellant, the final decision had never been made. *Benedict* v. *Benedict*, 76 N. Y. 600; 15 Hun, 307; *Palmer* v. *Foley*, 71 N. Y. 106; *Johnson* v. *Elwood*, 82 N. Y. 365; *Prefontaine* v. *Richards*, 47 Hun, 418. In the present case it is sufficiently shown that it has been made. *Waterbury* v. *Bouker*, 10 Hun, 262; *Jacobs* v. *Miller*, 11 Hun, 441; *Vanderbilt* v.

*Schreyer*, 28 Hun, 61. The suggestion that the alleged nuisance was abated before the injunction was vacated does not affect the question. The injunction was first obeyed, and then its merits contested. Whether the respondent has been put to any trouble by reason of the injunction may be a pertinent inquiry upon the assessment of her damages. Order affirmed, with $10 costs and printing disbursements. All concur.