ANN E. WYNKOOP, Appellant, v. MARY S. VAN BEUREN
and Others, Respondents.

*Damages — what is a "final decision" that a plaintiff is not entitled to an injunction — the discontinuance of an action — Code of Civil Procedure, secs. 620, 623.*

In an action brought to enjoin the defendants from injuring a party-wall the plaintiff obtained a preliminary injunction and gave an undertaking providing for the recovery of damages to be paid to the defendant, "if the court finally decides that the plaintiff was not entitled" to the injunction  The injunction was subsequently dissolved.

The defendants answered, the case was put on the calendar but was never tried. Finally the plaintiff obtained leave to discontinue on payment of costs, the application being opposed by the defendants.  An order was then made sending the matter to a referee to determine the damages which the defendants had suffered by reason of the injunction.

Upon an appeal from this order:

*Held,* that the court had jurisdiction to grant it.

That as the application to discontinue was opposed by the defendants the decision upon that question was equivalent to a final determination that the plaintiff was not entitled to the injunction, and that thereupon the sureties upon the undertaking became liable to the defendants.

Appeal by the plaintiff Ann E. Wynkoop from so much of an order, entered in the office of the clerk of the county of New York on the 22d day of January, 1892, as granted a motion to appoint a referee to ascertain the damages which the defendants had suffered by an injunction in the action, and from so much of said order as appointed a referee for that purpose and directed him to make a report.

*C. B. Alexander,* for the appellant.

*William Mitchell,* for the respondents.

O'Brien, J.:

This action is brought to enjoin the defendants from injuring, disturbing or undermining a party-wall.  Upon obtaining a preliminary injunction herein, plaintiff gave an undertaking conditioned upon the payment of such damages, not exceeding the sum of $1,000, which the defendants might sustain by reason of the injunction, "if the court finally decides that the plaintiff was not entitled thereto, such damages to be ascertained and determined by the court or by a referee."  This preliminary injunction was subsequently

dissolved; although the defendants answered, and the case was on the day calendar, it was never tried; but, on October 7, 1891, the plaintiff made a motion for leave to discontinue without the payment of costs, which motion was opposed by the defendants, and was finally granted upon payment of costs. After the order of discontinuance was entered, the motion was made to ascertain and determine the damages sustained by the defendants by reason of the injunction, and an order was made thereon sending the same to a referee, from which order this appeal is taken.

The principle point made by the appellant is that, as a matter of law, there not having been an actual final decision against the plaintiff's right to an injunction, that the court had no jurisdiction to order a reference to ascertain the damages sustained by the defendants by reason of the injunction. In support of this contention reliance is placed on the cases of *Palmer* v. *Foley* (71 N. Y., 111); *Johnson* v. *Elwood* (82 id., 362); *Neugent* v. *Swan* (61 How. Pr., 40, 42); *Hull* v. *Sexton* (19 N. Y. St. Rep., 677).

In the first case cited it will be found, upon examination, that the court's decision was placed upon the ground that no damages could be recovered because the action had been settled and discontinued by an amicable and voluntary agreement between the parties, and that virtually they had fixed their own damages. Without, however, commenting upon and distinguishing the other cases relied upon by appellant, we must regard this question as settled in view of the decisions in the case of *Amberg* v. *Kramer* (8 N. Y. Supp., 821), and *Parker* v. *New York Commercial Telegraph Company* (3 N. Y. St. Rep., 174), and particularly the case of the *Pacific Mail Steamship. Company* v. *Toel* (85 N. Y., 646). These are all authorities which sustain the view that the discontinuance of the action by plaintiff, upon a motion which is opposed by defendants, is equivalent to a final determination that the plaintiff was not entitled to the injunction so as to make the sureties upon the undertaking given upon the injunction liable.

We are, therefore, of the opinion that the order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and INGRAHAM, J., concurred.

Order affirmed, with costs.