### HALLEN v. JONES et al.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

FINAL JUDGMENT—CONSENT ORDER—VACATING ARREST.

> An order, upon the consent of the parties, vacating an order of arrest, is not, without more, such a final decision against the right to the order of arrest as will support an action on the undertaking.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by James D. Hallen against William G. Jones, principal, and Josephine S. Jones and Frederick W. Klein, sureties, on an undertaking

given on an order of arrest. Plaintiff had judgment, which was affirmed by the city court at general term, (20 N. Y. Supp. 659,) and defendants appeal. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

J. E: Berry, for appellants.

James D. Hadden, for respondent.


PRYOR, J. In an action by defendant Jones against the respondent an order of arrest issued, but was vacated by consent. Thereupon this action was brought against Jones and the sureties in his undertaking on the arrest; and from the judgment against them they prosecute the present appeal. At the close of the case the defendants moved to dismiss the complaint because of a defect of parties and insufficiency of proof, and to the denial of the motion they duly entered an exception. They are entitled, therefore, to the presumption that the case contains all the evidence. Meislahn v. Englehard, (City Ct. N. Y.) 20 N. Y. Supp. 900, (recently decided.) If there be a defect of parties it is apparent on the face of the complaint, and was waived by the failure to demur. Zabriskie v. Smith, 13 N. Y. 322; Maxwell v. Pratt, 24 Hun, 448. In their zeal on the one side to establish, and on the other to invalidate, the proposition that the vacatur was a definitive determination against the order of arrest, the learned counsel overlook a point decisive of the appeal, namely, that the order was vacated by consent. To the maintenance of the action it was incumbent upon the respondent to show a final decision against the right to the order of arrest. Code, § 559. The original action not having gone to judgment, he relied on the vacatur as involving such decision. But the order vacating the order of arrest was entered by consent, and so is not a judicial determination that the plaintiff in the original action "was not entitled to the order of arrest." In Appollinaris Co. v. Venable, 32 N. E. Rep. 555, the court of appeals say that, "where the plaintiff ex parte, and without the consent of the defendant, enters an order vacating the injunction and discontinuing the action, this is equivalent to an adjudication that the plaintiff was not entitled to the injunction;" but conversely, "if the dissolution of the injunction and dismissal of the action proceed upon matter arising subsequent to the commencement of the action, and having no relation to the merits." In the case before us neither was the action discontinued nor the vacatur ex parte, but the order was entered by common consent, and the action left depending. The order recites no other ground for vacating the arrest than "the consent of the plaintiff's attorneys," and so, in the absence of explanation, demonstrates that it involved no judicial determination of the right to the order of arrest. Of a discontinuance by agreement between the parties the court of appeals said: "The action was never finally determined by judicial decision. * * * There was no judicial determination upon the merits of the action, or the rights of the plaintiff to the injunction order at the time when it was made." And, adverting to cases cited contra, the court distinguished them by the essential difference that "in none of them was the discontinuance a matter of agreement between the

parties to the action." Palmer v. Foley, 71 N. Y. 106, 111; Johnson v. Elwood, 82 N. Y. 362, 365. It appears by the papers upon which the plaintiff in the original action proposed to move to vacate the order of arrest that it had been granted irregularly, and in contempt of court. Thus the consent to vacate may be an admission by the appellants, and the order of vacatur a decision by the court, that they were never entitled to the order of arrest; and, if so, possibly the present action is well brought. Palmer v. Foley, supra. And yet the appellants offered the papers in evidence, and they were excluded on objection from the respondent. Judgment reversed, and new trial ordered; costs to abide the event. All concur.