DWIGHT, P. J., concurred; LEWIS and HAIGHT, JJ., not sitting.

Order appealed from affirmed, with ten dollars costs and disbursements.

---

WILLIAM A. GRANGER, Respondent, *v.* THOMAS A. SMYTH and Another, Appellants.

*Temporary injunction — final determination that the plaintiff was not entitled thereto — ascertainment of the defendant's damages.*

When a temporary injunction has been granted upon the complaint, and issue is joined upon an answer denying the allegations of the complaint and setting up a counterclaim, and the case is referred, and on the day appointed for the trial the parties appear by their attorneys, and, the plaintiff offering no evidence, the defendant produces testimony sustaining his counterclaim, and the referee

thereupon makes a report upon which judgment is entered dismissing the com-
plaint, such judgment is a final determination that the plaintiff was not entitled
to the temporary injunction and entitles the defendant to an ascertainment of
the damages sustained by him by reason of the injunction, under section 623
of the Code of Civil Procedure.

APPEAL by the defendants, Thomas A. Smyth and William J.
Smyth, from an order of the Supreme Court, made at the Monroe
Special Term, and entered in the office of the clerk of Monroe
county on the 7th day of April, 1893, denying a motion to confirm
the report of a referee appointed to ascertain the damages sustained
by the defendants by reason of a temporary injunction issued in the
action.

_Richard Van Voorhis_, for the appellants.

_John M. Murphy_, for the respondent.

HAIGHT, J. :

This action was brought to dissolve a copartnership and for an
accounting.    The plaintiff asked for a temporary injunction restrain-
ing the defendants from collecting, receiving or in any manner
interfering or meddling with or disposing of the partnership debts,
moneys, notes or other property, and that a receiver be appointed.
A temporary injunction was issued upon the complaint and the
affidavit of the plaintiff verifying the matters alleged therein which
was served with the summons and complaint.    The defendants
answered, putting in issue the allegations of the complaint upon
which the plaintiff's right of action depended, setting up a counter-
claim.    Upon a stipulation of the parties the case was referred to a
referee to hear, try and determine.    Upon the day appointed for
the trial before the referee the parties appeared by their attorneys,
but the attorney for the plaintiff submitted no evidence in support
of the allegations of his complaint.    The defendants produced tes-
timony sustaining their counterclaim, and thereupon the referee
made his report upon which judgment was entered dismissing the
plaintiff's complaint and awarding judgment in favor of the defend-
ants for the amount of their counterclaim.    Thereafter upon the
motion of the defendants an order of reference was made to ascertain
the damages sustained by them by reason of the temporary injunc-
tion.    A hearing was had before the referee, who made his report to

the effect that the defendants had suffered damages in the sum of $173. A motion was thereupon made at the Monroe Special Term to confirm the report, and it was thereupon "ordered that the motion to confirm said report be, and the same is hereby, denied upon the ground that it does not appear from the judgment in the action that the court has decided that the plaintiff was not entitled to such injunction order and, therefore, the defendants are not in a position to demand any damages by reason of such an injunction order." From this order the defendants appeal to this court.

It has been held that where the parties voluntarily settle the action, or where the same has been discontinued upon the application of the plaintiff, or where the same has abated on account of the death of a party, an order of reference will not issue to ascertain the damages sustained by reason of the injunction under section 623 of the Code of Civil Procedure, for the reason that the court has not finally decided that the plaintiff was not entitled thereto under the provisions of section 620. (*Palmer* v. *Foley*, 71 N. Y. 106–111; *Hall* v. *Sexton*, 19 N. Y. St. Repr. 677; S. C., 3 N. Y. Supp. 549; *Johnson* v. *Elwood*, 82 N. Y. 362; *The N. Y., W. S. & B. R. Co.* v. *Omerod*, 29 Hun, 274.)

But in the case of *The Pacific Mail Steamship Company* v. *Toel* (85 N. Y. 646), it was held that where a plaintiff who has obtained a preliminary injunction, after it has been served, enters an order vacating it, and subsequently, without the consent of the defendant, obtained an *ex parte* order discontinuing the action, these orders are equivalent to a determination that the plaintiff was not entitled to the injunction and defendant is entitled to an order of reference to ascertain his damages by reason thereof. In *Amberg* v. *Kramer* (8 N. Y. Supp. 821), it was held by the first department, that where a temporary injunction had been vacated upon the application of the defendant, the plaintiff consenting thereto and the action having been discontinued by the plaintiff, that there had been a determination that the plaintiff was not entitled to the injunction and that the defendant was entitled to his order of reference. And in *Manufacturers & Traders' Bank* v. *Folk* (21 N. Y. Supp. 806; 50 N. Y. St. Repr. 802), it was also held by the first department, that where the temporary injunction is granted upon the complaint, that the plaintiff's right thereto depends upon the establishment judicially of

the facts pleaded and the dismissal of the action for want of prosecution is a final decision within the provisions of the Code. (See, also, *Weeks* v. *Southwick*, 12 How. Pr. 170 ; *Taaks* v. *Schmidt*, 19 id. 413 ; *Cunningham* v. *White*, 45 id. 486 ; *Carpenter* v. *Wright*, 4 Bosw. 655.)

In the case of *Benedict* v. *Benedict* (15 Hun, 305 ; affd., 76 N. Y. 600), the action was brought to compel a specific performance of a verbal agreement to convey real estate, and a temporary injunction was obtained restraining the defendant from incumbering the place or collecting rents thereon pending the trial. Upon the trial the referee decided that the agreement was void, but held that the plaintiff had a vendor's lien upon the land, which he directed to be foreclosed and ordered a sale as in case of a mortgage, making no reference or direction as to the injunction. In that case it was held that the judgment did not determine that the plaintiff was not entitled to the injunction. This, however, was made upon the ground that the judgment was really a determination in favor of the plaintiff and is not in conflict with the cases above cited.

Upon the case under consideration as we have seen, there has been a judgment entered after trial, dismissing the plaintiff's complaint. This is a final determination that the plaintiff had no cause of action. If he had no cause of action he had no right to a temporary injunction. It follows that the judgment is a final determination by the court that the plaintiff was not entitled to the injunction within the meaning of the provisions of the Code referred to.

The order of the Special Term should be reversed, with ten dollars costs and disbursements, and the motion granted.

LEWIS and BRADLEY, JJ., concurred.

Order appealed from reversed, with ten dollars costs and disbursements, and motion to confirm the report of the referee granted.