JAMES H. MANNING and Another, Appellants, *v.* LUCIE R. CASSIDY and Others, Respondents.

*Order discontinuing an action — an adjudication that the plaintiff was not entitled to an injunction therein — reference to compute damages.*

The granting of an order discontinuing an action in which an injunction has been issued, where the motion therefor is opposed by the defendant, is an adjudication that the plaintiff was not entitled to the injunction, and authorizes the making of an order of reference to ascertain the damages sustained by the defendant by reason of such injunction.

APPEAL by the plaintiffs, James H. Manning and another, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 6th day of March, 1894, appointing a referee to ascertain and determine the damages sustained by the defendants by reason of the granting of an injunction against them.

*John A. Delehanty,* for the appellants.

*Albert C. Tennant,* for the respondents.

PUTNAM, J.:

This is an appeal from an order appointing a referee to ascertain and determine the damages sustained by defendants by reason of the temporary injunction granted on the application of the plaintiffs on the 12th day of April, 1893.

The action was brought to restrain certain of the defendants from voting at the election of the Argus Company, to declare void certain sales of the stock of the said company, and for other relief.

The plaintiffs served a notice of motion on defendants on April 12, 1893, for a temporary injunction during the pendency of the action, to be heard at a Special Term in Albany on the 25th day of April, 1893, together with a preliminary injunction granted on the 11th day of April, 1893, which enjoined defendants, as prayed for in the complaint, until the hearing and decision of said motion. It does not appear that the motion so noticed for the 25th day of April, 1893, was ever made. On obtaining said preliminary injunction order of the eleventh day of April, plaintiffs made and filed

the usual undertaking, conditioned to pay defendants such damage, not exceeding the sum of $2,000, as they might sustain by reason of such injunction if the court should finally decide that the plaintiffs were not entitled thereto. Said preliminary injunction was, on July 8, 1893, on motion of defendants' attorney and on a stipulation signed by the parties, vacated by the court.

Afterwards, on the motion of plaintiffs, the defendants objecting, the court granted an order of discontinuance which contained the following provisions, viz. : " It is ordered that this action be, and the same is hereby discontinued as to said defendants, upon the payment by the plaintiffs to said defendants of their taxable costs herein, such discontinuance, however, to be without prejudice to any right the said defendants may have to recover damages upon the said undertaking, or to enforce the same as provided in said undertaking, or in any legal manner, said costs to be paid within ten days after the same shall be taxed."

In the undertaking by plaintiffs it is provided that they shall pay to the defendants enjoined such damages, not exceeding the sum of $2,000, as said defendants may sustain by reason of such injunction, if the court shall finally decide that the said plaintiffs were not entitled thereto. If the court has so decided, the order of reference from which the appeal was taken should be sustained.

It seems to be well settled that " the granting of an order of discontinuance where the motion therefor is opposed, is an adjudication that the plaintiff was not entitled to the injunction issued in the action, so as to permit a reference to ascertain the damages sustained by the defendant by reason of such injunction." (*Amberg* v. *Kramer*, 29 N. Y. St. Repr. 958; *Wynkoop* v. *Van Beuren*, 63 Hun, 500; *Pacific Mail S. S. Co.* v. *Toel*, 85 N. Y. 646.)

These authorities hold that an order of discontinuance entered *ex parte*, or when the defendant opposes, is equivalent to a determination that the plaintiff was not entitled to an injunction, and an order of reference to compute damages can be properly granted. The above cases are so similar to the one under consideration that any discussion of it is unnecessary.

The stipulation signed by the respective parties and recited in the order of July eighth, vacating the preliminary injunction, is not contained in the case. No reason is stated, however, and none

can be given, why such a stipulation should interfere with defendants' right to damages sustained prior thereto, unless the paper contained an agreement to waive damages, and no such waiver is shown or claimed.

We think that the authorities cited by the learned counsel for the appellants do not conflict with those above referred to. The case of *Palmer* v. *Foley* (71 N. Y. 106) was an action in which the plaintiff's title to the office of chamberlain of the city of New York was involved. Under an act of the Legislature, passed during the pendency of the action, plaintiff was deposed from the said office. Thereupon leave was granted to defendant to put in a supplemental answer setting up the statute and plaintiff's removal thereunder. Thereafter, on the stipulation and consent of the defendant, and on payment of $100, an order of discontinuance was made. It will be observed that in the case under consideration the defendant objected to the discontinuance, while in *Palmer* v. *Foley* the order was entered by consent. In that case it was held that there was no judicial determination as to what were the rights of the parties in reference to the injunction at the time of the commencement of the suit, because the discontinuance was presumably in consequence of the legislative act subsequent to the granting of the injunction, and also that the order of discontinuance was granted on the written consent of the defendant with no saving of his right to damages by virtue of the undertaking. In this case defendants did not consent to the order of discontinuance, and in the order their right to damages was preserved. The distinction between the two cases is apparent.

In *Johnson* v. *Elwood* (82 N. Y. 362) the defendant died during the pendency of the action, and it was held that the action abated by his death; that the cause of action did not survive; that the court had no authority to direct a discontinuance or to make any other order than that the action be deemed abated by the death of the defendant, and hence there had been no judicial determination as to the right of the plaintiff to the injunction originally.

In *Drummond* v. *Husson* (14 N. Y. 60) an action was brought on an undertaking on an appeal which contained a covenant that if the judgment appealed from, or any part thereof, be *affirmed*, the appellant would pay the amount directed to be paid. The appeal

was dismissed. It was held that the language in the undertaking did not apply to a case of *dismissal* of the appeal; that the *dismissal* of an appeal for want of prosecution was clearly not an *affirmance* of the judgment.

We conclude, therefore, that under the authorities first above cited the order in question was properly granted, and should be affirmed, with costs.

MAYHAM, P. J., concurred; HERRICK, J., not acting.

Order affirmed.