DE BERARD v. PRIAL et al.

(Supreme Court, Appellate Division, First Department.    November 25, 1898.)

1. INJUNCTION—ACTION ON BOND.
    Dismissal of a complaint for injunction, because of failure to prosecute, is an adjudication that plaintiff was not originally entitled thereto; hence defendants may proceed on the undertaking for the writ.
2. SAME—DEFENSES.
    The fact that plaintiff permitted a dismissal of injunction proceedings for want of prosecution, because after commencement of the proceedings defendants became entitled to perform the act sought to be restrained, is no defense to proceedings to recover damages on plaintiff's bond, since the original issue remained for determination in spite of such after-acquired authority.

Appeal from special term, New York county.

Injunction proceedings by Frederick B. De Berard against F. P. Prial and others being dismissed, a reference to assess defendants' damages on the bond for the writ was granted, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Eugene Frayer, for appellant.

John H. Parsons, for respondents.

BARRETT, J. The complaint here was dismissed for failure to prosecute. Upon that dismissal final judgment was entered. The defendants thereupon moved for a reference to assess the damages which they claim to have sustained by reason of an injunction granted to the plaintiff at the commencement of the action. The plaintiff insisted below, and insists here, that the judgment does not determine that he was not originally entitled to the injunction, and consequently that there has been no breach of the undertaking given thereupon. In this he is in error. The authorities are all one way upon the question. Steamship Co. v. Toel, 85 N. Y. 646; Apollinaris Co. v. Venable, 136 N. Y. 46, 32 N. E. 555; Manufacturers' & Traders' Bank v. C. F. Dare Co., 67 Hun, 49, 21 N. Y. Supp. 806; Manning v. Cassidy, 80 Hun, 127, 30 N. Y. Supp. 23. The following language of Judge Andrews in the Apollinaris Co. Case is directly in point:

"It would seem ＊ ＊ ＊ that, if the case was dismissed upon the application of the defendants for want of prosecution, the inference should be indulged that no right to an injunction existed when it was issued, and the dismissal should be treated as an adjudication against the right."

The plaintiff says that he permitted his complaint to be dismissed because, owing to facts occurring after he obtained the injunction, the defendants became authorized to do what the injunction enjoined them from doing. They were enjoined from doing certain acts without a two-thirds affirmative vote of the stockholders of the company. Subsequently they secured this two-thirds vote, and thereafter consummated the acts. They were entitled, however, to proceed with the action, and, if right in their primary position, to secure a determination adverse to the plaintiff's original claim. Otherwise, though improperly enjoined, they could never obtain redress upon the undertaking. The original issue remained for determination, notwithstanding the consummation, under later and unquestioned authority, of the acts enjoined.

It may be added that the supplemental facts referred to do not appear of record. They are shown only by the plaintiff's affidavit in opposition to the motion for a reference, and they simply amount to a statement of his reasons for submitting to the dismissal; in other words, a statement of what was in his mind when he thus permitted the action to be determined against him. All that appears of record is the final judgment in the action dismissing his complaint, with costs. By that judgment the court must be deemed to have finally decided that the plaintiff was not originally entitled to the injunction,

and accordingly the defendants were authorized to proceed upon the undertaking.

The order should therefore be affirmed, with costs.

Order affirmed, with $10 costs and disbursements.   All concur.