(83 App. Div. 203.)

### PERLMAN v. BERNSTEIN et al.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. INJUNCTION—DISMISSAL OF SUIT—DAMAGES—REFERENCE.

Where plaintiff obtained leave, over defendant's objection, to discontinue an injunction suit, when it was called for trial, on the ground that a determination of the merits had become unnecessary, defendant was entitled to an order of reference for the ascertainment of such damages as he may have suffered by reason of the preliminary injunction.

Appeal from Special Term, New York County.

Action by David Perlman against Moses Bernstein and Jacob W. Hammer. From an order denying the motion for a reference, defendants appeal. Reversed.

The action was brought against the defendants, Hammer & Bernstein, to cancel a lease of a store, and to enjoin them from using it as a drug store or pharmacy. The plaintiff obtained a preliminary injunction against the defendants, together with an order to show cause why it should not be continued pendente lite; and on the return day of such order the injunction was, on the motion of the defendant Hammer, vacated. Before the action was tried, the plaintiff brought dispossess proceedings for nonpayment of rent, and in such proceedings a final order and warrant in favor of the plaintiff and against the defendants for the recovery of the possession of the store were granted. Thereafter the action came to trial in its regular order, when the plaintiff asked the court for leave to discontinue it without costs, upon the ground that an injunction was no longer necessary. This was opposed by the defendant Hammer, but was granted. The latter then made this motion for an order of reference to ascertain the damages alleged to have been sustained by reason of the injunction, which motion was denied, and it is from the order entered thereupon that this appeal is taken.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Benjamin Patterson, for appellants.
Jacob Manheim, for respondent.

O'BRIEN, J. The question before the court upon the motion was whether the defendant Hammer was entitled to recover the damages which he may have sustained by reason of the preliminary injunction. This depends upon whether or not the plaintiff was entitled to that injunction, and this latter turns upon whether the discontinuance of the action upon the request of the plaintiff and against the objection of the defendant was a determination that he was not entitled to it. The Special Term thought that the discontinuance of the action under the circumstances shown was not a determination that the plaintiff was not entitled to the injunction, basing its conclusion upon the two cases of Palmer v. Foley, 71 N. Y. 106, and Apollinaris Co. v. Venable, 136 N. Y. 46, 32 N. E. 555, and denied the motion. A reference, however, to Palmer v. Foley, supra, will show that therein the action was discontinued by consent. Nor do we think that Apollinaris Co. v. Venable, supra, is an authority for the view taken by the Special Term, because it will be noticed that the decision was limited to the facts before the court, and in the opinion it was said:

"The sureties upon such an undertaking may be held in some cases, although there has been no formal adjudication against the right to the temporary injunction. Where the plaintiff, ex parte, and without the consent of the defendants, enters an order vacating the injunction and discontinuing the action, this is equivalent to an adjudication that the plaintiff was not entitled to the injunction when granted. The purpose of requiring an undertaking would be thwarted if in such a case the sureties were not held. Pacific Mail Steamship Co. v. Toel, 85 N. Y. 646."

In this latter case it was said:

"The orders vacating the injunction and discontinuing the action are, in effect, a determination, or at least equivalent to a determination, that the plaintiff was not entitled to the injunction granted."

When the case at bar was called for trial, by reason of what occurred while it was pending, plaintiff concluded that it was unnecessary to determine the merits. Though it be held that under the circumstances the discontinuance was not, in effect, a determination one way or the other upon the merits, such discontinuance, granted against the opposition of the defendant, certainly cannot be construed into a determination that the plaintiff was entitled to the preliminary injunction, nor did it deprive the defendant of the damages which may have been suffered by reason of the preliminary injunction. We do not regard this as an open question, because in two cases in this department, and one in the Third Department, it was held, on almost identical facts, that the case of Palmer v. Foley, supra, did not apply, and that the defendant was entitled to an order of reference to assess the damages. The question whether the plaintiff was or was not entitled to a preliminary injunction was on the motion for a reference before the court, and it has been expressly held that discontinuing the action without the consent of the defendant, and against his opposition, is, in legal effect, a determination that the plaintiff was not entitled to the preliminary injunction. Wynkoop v. Van Beuren, 63 Hun, 500, 18 N. Y. Supp. 557; Amberg v. Kramer (Sup.) 8 N. Y. Supp. 821; Manning v. Cassidy, 80 Hun, 127, 30 N. Y. Supp. 23.

The order accordingly should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(83 App. Div. 235.)

### POOLE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. STREET RAILROADS—INJURIES TO PEDESTRIANS—CROSSINGS—INSTRUCTIONS.

As plaintiff left a curbstone at a street corner, which was 14 feet from the first rail of a street car track on which he was injured, he saw the car 40 or 50 feet away from him, coming at reduced speed. He saw the car suddenly jump forward as he was just at the track, at which time the car was but 15 feet away. From this point plaintiff had about 5 feet to go to carry him across the track, but before he left the further rail he was struck. Defendant's evidence was that the car was approaching slowly to stop at the further corner of the street, when plaintiff ran in front of the car when but a few feet ahead of it, and, though the gripman endeavored to stop the car, he was unable to avoid striking plaintiff. *Held*, that under such evidence it was error to charge that, though plaintiff was negligent, if, after his negligence occurred, defendant's motorman, in the exercise of ordinary care, could have avoided colliding with him, plaintiff might recover.

Appeal from Trial Term, New York County.