The Apollinaris Company (Limited), Appellant, *v.* George W. Venable et al., Respondents.

In an action to restrain defendants from the infringement of a trade-mark, a preliminary injunction was issued and an undertaking given thereon in the usual form to pay all damages not exceeding a sum specified which defendants might sustain because of the injunction in case the court "finally decides that the plaintiff was not entitled thereto." Thereafter an order was granted adjudicating plaintiffs guilty of contempt in interfering with the execution of a commission and directing as a punishment that the complaint be dismissed, and said injunction dissolved. An order of reference was thereafter granted to assess defendants' damages by reason of the injunction. *Held*, error; that the dismissal of the complaint and dissolution of the injunction did not constitute an adjudication that plaintiff was not entitled to a preliminary injunction at the commencement of the action, as this could not be decided in the contempt proceedings, and therefore there had been no breach of the obligation of the sureties in the undertaking.

*Appolinaris Co.* v. *Venable* (63 Hun, 554), reversed.

(Argued October 17, 1892 ; decided November 29, 1892.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made March 31, 1892, which affirmed an order of Special Term appointing a referee to ascertain and assess damages sustained by the issuing of a preliminary injunction herein.

This action was brought to sustain the infringement of a trade-mark. A temporary injunction was granted, plaintiff giving an undertaking in the usual form.

Thereafter on application of defendants an order was granted adjudging plaintiff guilty of contempt, in interfering to prevent the execution of a commission, and as a punishment therefor directing a dismissal of the complaint and dissolution of the injunction.

Further facts are stated in the opinion.

*Henry Melville* for appellant. The reference is improper unless the sureties have become liable upon the undertaking. (*Palmer* v. *Foley*, 71 N. Y. 106, 109.) "The rule is that a surety is entitled to a strict construction of the bond under

which it is sought to make him liable, and that it cannot be enlarged by implication to cover anything which was not in the contemplation of parties at the time the bond was executed." (*J. H. M. L. Ins. Co.* v. *Lowenberg,* 120 N. Y. 44, 49.) The defendants are precluded from claiming that if a reference is denied they "suffer wrong without a remedy," or that the plaintiff will "derive an advantage from its own wrong." · (Code Civ. Pro. §§ 853, 2284.) Allowing a reference would result in an absurdity, for the plaintiffs can now, without prejudice from the judgment, bring another action for an injunction upon the same grounds as that in which the said temporary injunction was obtained. (Code Civ. Pro. § 1209.) The mere fact that an injunction is dissolved, and the defendant has judgment with costs, in no way determines the right to a reference. (Code Civ. Pro. § 620 ; *Sherman* v. *N. Y. C. Mills,* 11 How. Pr. 269 ; *Benedict* v. *Benedict,* 15 Hun, 307 ; 76 N. Y. 600 ; *Perfontaine* v. *Richards,* 47 id. 418 ; *Delafield* v. *C. T. Co.,* 22 Abb. [N. C.] 450 ; *Johnson* v. *Elwood,* 82 N. Y. 365 ; *Palmer* v. *Foley,* 71 id. 106 ; *Musgrave* v. *Sherwood,* 76 id. 194.

*I. Albert Englehart* for respondents. The order of reference to assess the defendants' damages was properly made. (*Loomis* v. *Brown,* 16 Barb. 325 ; *P. M. S. S. Co.* v. *Toel,* 85 N. Y. 646 ; *P. M. S. S. Co.* v. *Leulling,* 7 Abb. [N. S.] 37 ; *Amberg* v. *Kramer,* 29 N. Y. S. R. 658 ; *Johnson* v. *Elwood,* 82 N. Y. 362 ; *Delafield* v. *C. T. Co.,* 22 Abb. [N. C.] 453 ; *Benedict* v. *Benedict,* 15 Hun, 305.) The judgment being an equity judgment, and being necessarily upon the merits, it is conclusive on all questions at issue in the action, and one of those questions was the right of the appellant to the injunction. (*Goebel* v. *Iffla,* 19 N. Y. S. R. 105.)

Andrews, J. The sole question on this appeal is whether an order made on the application of the defendants after the commencement of the action, to punish the plaintiff for contempt for interfering to prevent the execution of a commission to take testimony, issued upon the application of the

defendants, by which order plaintiff was adjudged guilty of the contempt charged, and which directed as a punishment that the plaintiff's complaint should be dismissed and the temporary injunction granted at the commencement of the action should be dissolved, followed by an actual dismissal of the complaint and a dissolution of the injunction in pursuance of the order, constituted a breach of the undertaking of the sureties given on the issuing of the preliminary injunction to pay the defendants in the action such damages, not exceeding the sum mentioned in the undertaking, "as they may sustain by reason of the injunction, if the court finally decides that the plaintiff was not entitled thereto."

The object of the action was to procure a judgment restraining the defendants from the infringement of a trade-mark. The right to a temporary injunction depended upon the same facts as did the final relief sought in the action. The interference of the plaintiff, which constituted the contempt, was a protest made on its behalf addressed to the American Consul at Cologne against his acting as commissioner under the commission issued to him, on the ground that by the regulations of the German government a commission to take testimony in that jurisdiction, issued from our courts, could not be legally executed by a foreign consul, and that the oath taken by witnesses and the evidence given under the commission to such consul would be extra judicial. The law seems to be as claimed by the plaintiff, but the court properly held that this did not justify the plaintiff in interfering to prevent the execution of the commission. In settling the order in the contempt proceedings, the judge who settled the order was asked by the defendants' counsel to insert in the reference to the injunction a statement "that it is finally decided that the plaintiff is not entitled thereto." The judge declined to do so, saying: "No decision had been or could be made on the merits."

We are of the opinion that the dismissal of the complaint and the dissolution of the injunction under the circumstances stated, did not, either in fact or in law, constitute an adjudica-

tion that the plaintiff was not entitled to the preliminary injunction in the action. That question was not before the court, and was not and could not have been decided in the contempt proceedings. The undertaking related to the right of the plaintiff to a temporary injunction at the commencement of the action, and the obligation assumed by the sureties was to pay damages in case the court "finally decides that the plaintiff was not entitled thereto." The sureties upon such an undertaking may be held in some cases, although there has been no formal adjudication against the right to the temporary injunction. Where the plaintiff *ex parte*, and without the consent of the defendants, enters an order vacating the injunction and discontinuing the action, this is equivalent to an adjudication that the plaintiff was not entitled to the injunction when granted The purpose of requiring an undertaking would be thwarted if in such a case the sureties were not held. (*Pacific Mail Steamship Cc.* v *Toel*, 85 N Y. 646.) It would seem, upon the same principle, that if the case was dismissed upon the application of the defendants for want of prosecution, the inference should be indulged that no right to an injunction existed when it was issued, and the dismissal should be treated as an adjudication against the right.

But where, as in the present case, the defendants secure a dismissal of the action and a dissolution of the injunction upon some matter arising subsequent to the commencement of the action and having no relation to the merits, either directly or by inference, it would, we think, be contrary to the natural or reasonable interpretation of the transaction to hold that the dismissal was a determination by the court that the plaintiff at the time the temporary injunction was issued, "was not entitled thereto," and especially would it be contrary to principle to so adjudge against the sureties in the undertaking. (*Palmer* v. *Foley,* 7 N. Y. 106; *Johnson* v. *Elwood,* 82 id. 363.)

We think the order of the Special and General Terms should be reversed and the motion denied.

All concur, except Earl, Ch J., not voting.

Ordered accordingly.