THE TAYLOR WORSTED Co., Plaintiff, *v.* VINCENT M. BEOLCHI et al., Defendants.

(Supreme Court, New York Special Term, April, 1902.)

Injunction, preliminary — Defendants' damages on bond where the plaintiff discontinues for a reason arising after the injunction.

> Upon a motion by the defendant Beolchi to fix his damages on an injunction bond given in this action by the plaintiff it appeared that the plaintiff, which was solvent, was indebted to the firm of de Villeneuve & Co., but that before the debt became payable the defendants de Laurent and Sanders sued de Villeneuve in Pennsylvania and attached the debt. Beolchi intervened in that action, claiming a lien superior to de Laurent and Sanders, and also began an action in the City Court of the city of New York against the plaintiff upon the same claim. Thereupon the plaintiff procured the preliminary injunction in question, restraining further prosecution of the City Court action until final determination of the Pennsylvania action. The latter action was thereafter decided in favor of Beolchi, the plaintiff subsequently paid him a judgment submitted to by it in the City Court action, and thereafter was permitted to discontinue this action without costs.

> Held, that Beolchi could recover no damages on the injunction bond.

> That the rule, that a discontinuance by the plaintiff of an action for such an injunction was equivalent to an adjudication that it was not entitled to the injunction when it procured it and consequently that the defendant (Beolchi) was entitled to damages, did not apply where the discontinuance was for some reason arising after issue of the injunction — in this case, the determination of the Pennsylvania action.

MOTION by defendant Beolchi for a reference or writ of inquiry to fix the damages which he claims to be due him upon the injunction bond given in this action.

Gould & Wilkie, for plaintiff.

Paul C. Schnitzler, for defendant.

SCOTT, J.   In September, 1900, the plaintiff became indebted
to the firm of de Villeneuve & Co. for merchandise purchased.
Before the debt became payable the defendants, de Laurent and
Sanders, sued de Villeneuve in Pennsylvania and levied an attach-
ment upon the indebtedness of the plaintiffs to him.   Thereupon
the defendant, Beolchi, intervened in the Pennsylvania action
claiming to be entitled to the amount due from the plaintiffs to
Villeneuve superior to the claim of de Laurent and Sanders.   The
plaintiff was perfectly solvent and ready to pay as soon as it should
be determined to whom payment ought to be made.   Before the
Pennsylvania action could be tried Beolchi began an action upon
the same claim against the plaintiff in the City Court of the city of
New York and obtained an order placing the action upon the short
cause calendar for trial.   The plaintiff, without any fault of its own
was thus placed in a position where it might have a judgment
against it here in favor of Beolchi, and a judgment in Pennsyl-
vania in favor of de Laurent and Sanders.   Thereupon the present
action was commenced wherein the plaintiff obtained an injunc-
tion restraining the further prosecution of the action in the City
Court " pending the final determination " of the action in Penn-
sylvania, and restraining all the defendants from commencing or
prosecuting any other action upon the same claim except the
Pennsylvania action.   Upon appeal this injunction was affirmed
by the Appellate Division.   A demurrer by Beolchi to the com-
plaint was overruled, with leave to answer over.   The action in
Pennsylvania was decided in favor of Beolchi, and the plaintiff
in due course moved to discontinue this action, which motion al-
though opposed by Beolchi was granted, without costs, and no
appeal was taken therefrom.   The plaintiff also submitted to and
paid a judgment in favor of Beolchi in the City Court action.
Beolchi now moves for a reference or writ of inquiry to fix the
damages which he claims to be due him upon the injunction bond
given in this action.   It would be most inequitable if the plaintiff
were to be obliged to pay damages, for it was not only justified,
but practically compelled for its own protection to obtain the
injunction.   It was absolutely indifferent as between Beolchi and
de Laurent, and was perfectly ready and willing to pay whoever
might prove to be entitled to the money.   Beolchi by his inter-
vention in the Pennsylvania action had chosen a forum for the
determination of the question, and his action in the City Court

was wholly unnecessary. In my opinion the plaintiff is not liable on the injunction bond. It is true that in most cases the voluntary discontinuance by the plaintiff of an action for an injunction is equivalent to an adjudication that he was not entitled to his preliminary injunction. This rule is not however of universal application. The question in each case is whether or not the plaintiff was entitled to the preliminary injunction when it was granted. And where the action is discontinued or the complaint dismissed for some reason arising after the issuance of the injunction, such discontinuance or dismissal does not entitle the defendant to damages. Apollinaris Co. v. Venable, 136 N. Y. 46; Johnson v. Elwood, 82 id. 362; Benedict v. Benedict, 15 Hun, 305; 76 N. Y. 600. In the present case the plaintiff was entitled to the injunction when it was granted, because the action in Pennsylvania was then pending. The reason for the discontinuance was that something had happened after the injunction was issued, to-wit: the determination of the Pennsylvania action, which removed the reason and the necessity for the injunction. The motion is therefore denied, with ten dollars costs.

Motion denied, with ten dollars costs.