(37 Misc. Rep. 691.)

### TAYLOR WORSTED CO. v. BEOLCHI et al.

(Supreme Court, Special Term, New York County.  April, 1902.)

INJUNCTION—DISSOLUTION—LIABILITY ON BOND.

 Plaintiff, which was solvent, was indebted to a certain firm, but before the debt was payable the firm was sued in another state, and the debt attached. One B. intervened, claiming a lien superior to the attachment lien, and began an action in New York against plaintiff. Thereupon plaintiff brought injunction restraining further prosecution of the

suit in New York until a determination of the action in the other state.
The latter action was decided in favor of B., to whom plaintiff subse-
quently paid a judgment submitted to by it in the suit in the state. *Held*,
that B. could recover no damages on the injunction bond.

Action by the Taylor Worsted Company against Vincent M. Beolchi.
and others. Motion by defendant Beolchi for a reference to fix the
damages claimed to be due on an injunction bond given in the action.
Motion denied.

Gould & Wilkie, for plaintiff.
Paul C. Schnitzler, for defendant.

SCOTT, J. In September, 1900, the plaintiff became indebted to
the firm of De Villeneuve & Co. for merchandise purchased. Before
the debt became payable, the defendants De Laurent & Sanders sued
De Villeneuve in Pennsylvania, and levied an attachment upon the in-
debtedness of the plaintiff to him. Thereupon the defendant Beolchi.
intervened in the Pennsylvania action, claiming to be entitled to the
amount due from the plaintiff to Villeneuve superior to the claim of
De Laurent & Sanders. The plaintiff was perfectly solvent, and ready
to pay as soon as it should be determined to whom payment ought to
be made. Before the Pennsylvania action could be tried, Beolchi began
an action upon the same claim against the plaintiff in the city court of
the city of New York, and obtained an order placing the action upon
the short-cause calendar for trial. The plaintiff, without any fault of
its own, was thus placed in a position where it might have a judgment
against it here in favor of Beolchi and a judgment in Pennsylvania in
favor of De Laurent & Sanders. Thereupon the present action was
commenced, wherein the plaintiff obtained an injunction restraining the
further prosecution of the action in the city court "pending the final
determination" of the action in Pennsylvania, and restraining all the
defendants from commencing or prosecuting any other action upon the
same claim except the Pennsylvania action. Upon appeal this injunc-
tion was affirmed by the appellate division. A demurrer by Beolchi to
the complaint was overruled, with leave to answer over. The action
in Pennsylvania was decided in favor of Beolchi, and the plaintiff in
due course moved to discontinue this action, which motion, although.
opposed by Beolchi, was granted, without costs, and no appeal was
taken therefrom. The plaintiff also submitted to and paid a judgment
in favor of Beolchi in the city court action. Beolchi now moves for
a reference or writ of inquiry to fix the damages which he claims to
be due him upon the injunction bond given in this action. It would be
most inequitable if the plaintiff were to be obliged to pay damages, for
it was not only justified, but practically compelled, for its own protec-
tion to obtain the injunction. It was absolutely indifferent as between
Beolchi and De Laurent, and was perfectly ready and willing to pay
whoever might prove to be entitled to the money. Beolchi, by his
intervention in the Pennsylvania action, had chosen a forum for the
determination of the question, and his action in the city court was
wholly unnecessary. In my opinion, the plaintiff is not liable on the
injunction bond. It is true that in most cases the voluntary discon-
tinuance by the plaintiff of an action for an injunction is equivalent to

:an adjudication that he was not entitled to his preliminary injunction. This rule is not, however, of universal application.   The question in each case is whether or not the plaintiff was entitled to the preliminary .injunction when it was granted.   And where the action is discontinued or the complaint dismissed for some reason arising after the issuance of the injunction, such discontinuance or dismissal does not entitle the defendant to damages.   Apollinaris Co. v. Venable, 136 N. Y. 46, 32 N. E. 555; Johnson v. Elwood, 82 N. Y. 362; Benedict v. Benedict, 15 Hun, 305; Id., 76 N. Y. 600.   In the present case the plaintiff was ·entitled to the injunction when it was granted, because the action in :Pennsylvania was then pending.   The reason for the discontinuance was that something had happened after the injunction was issued, to ·wit, the determination of the Pennsylvania action, which removed the ·reason and the necessity for the injunction.   The motion is therefore denied, with $10 costs.

Motion denied, with $10 costs.