Scott, <J.
In September, 1900, the plaintiff became indebted to the firm of de Villeneuve & Co. for merchandise purchased. Before the debt became payable the defendants, de Laurent and Sanders, sued de Villeneuve in Pennsylvania and levied an attachment upon the indebtedness of the plaintiffs to him. Thereupon the defendant, Beolchi, intervened in the Pennsylvania action claiming to be entitled to the amount due from the plaintiffs to Villeneuve superior to the claim of de Laurent and Sanders. The plaintiff was perfectly solvent and ready to pay as soon as it should1 be determined to whom payment ought to be made. Before the Pennsylvania action could be tried Beolchi began an action upon the same claim against the plaintiff in the City Court of the city of Hew York and obtained an order placing the action upon the short cause calendar for trial. The plaintiff, without any fault of its own was thus placed in a position where it might have a judgment against it here in favor of Beolchi, and a judgment in Pennsylvania in favor of de Laurent and Sanders. Thereupon the present action was commenced wherein the plaintiff obtained an injunction restraining ffhe further prosecution of the action in the City Court “ pending the final determination ” of the action in Pennsylvania, and restraining all the defendants from commencing or prosecuting any other action upon the same claim except the Pennsylvania action. Upon appeal this injunction was affirmed by the Appellate Division. A demurrer by Beolchi to .the complaint was overruled, with leave to answrer over. The action in Pennsylvania was decided in favor of Beolchi, and the plaintiff in due course moved' to discontinue this action, which motion although opposed by Beolchi was granted, without costs, and no appeal was taken therefrom. The plaintiff also submitted to and paid a judgment in favor of Beolchi in the City Court action. Beolchi now moves for a reference or writ of inquiry to fix the damages which he claims to be due him upon the injunction bond given in this action. It would be most inequitable if the plaintiff were to be obliged to pay damages, for it was not only justified, but practically compelled for its own protection to obtain the injunction. It was absolutely indifferent as between Beolchi and de Laurent, and was perfectly ready and willing to pay whoever might prove to be entitled to the money. Beolchi by his intervention in the Pennsylvania action had chosen a forum for the determination of the question, and his action in the City Court *693 was wholly unnecessary. In my opinion the plaintiff is not liable on the injunction bond. It is true that in most cases the voluntary discontinuance by the plaintiff of an action for an injunction is equivalent to an adjudication that be was not entitled to his preliminary injunction. This rule is not however of universal application. The question in each case is whether or not the plaintiff was entitled to the preliminary injunction when it was granted. And where the action is discontinued or the complaint dismissed for some reason arising after the issuance of the injunction, such discontinuance or dismissal does not entitle the defendant to damages. Apollinaris Co. v. Venable, 136 N. Y. 46; Johnson v. Elwood, 82 id. 362; Benedict v. Benedict, 15 Hun, 305; 76 N. Y. 600. In the present case the plaintiff was entitled to the injunction when it was granted, because the action in Pennsylvania was then pending. The reason for the discontinuance was that something had happened after the injunction was issued, to-wit: the determination of the Pennsylvania action, which removed the reason and the necessity for the injunction. The motion is therefore denied, with ten dollars costs.
Motion denied, with ten dollars costs.