(96 App. Div. 296.)

FREIFELD et al. v. SIRE.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. INJUNCTION—UNDERTAKING FOR CONTINUANCE—DISMISSAL.

Where an undertaking for the continuance of a preliminary injunction provided that plaintiffs should pay such damages as might be sustained by reason of the injunction if the court finally decided that plaintiffs were not entitled thereto, defendant was not entitled to recover damages on the undertaking on dismissal of the action under a stipulation expressly providing that there was no adjudication on the question of the plaintiffs' right to the injunction, and that the dismissal should not prejudice defendant's right to bring an action against plaintiffs on the undertaking.

Appeal from Special Term, New York County.

Action by George Freifeld and another, as trustees, against Henry B. Sire. An injunction was issued, which was continued until trial, upon plaintiffs' giving an undertaking to respond for damages; and, from an order granting defendant's motion for the appointment of a referee to assess the damages, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Charles Gibson Bennett, for appellants.
Josiah Canter, for respondent.

HATCH, J. The action in which this proceeding is instituted was commenced April 14, 1902, and a preliminary injunction was issued, restraining the defendant from removing certain chattels and properties from the Casino Theater. The preliminary injunction was continued

until the trial of the action upon plaintiffs giving an undertaking in the sum of $25,000, with the American Surety Company as surety. The trial was commenced, and upon the second day thereof was discontinued, and the injunction vacated, by the consent of parties, upon the following stipulation, signed by their respective attorneys:

"It is hereby consented that this action be discontinued without costs to either party as against the other, and an order to that effect be entered without further notice, and that the injunction granted herein is hereby vacated and set aside. It being understood that there is no adjudication on the question of the plaintiffs' right to the injunction, nor of any of the questions involved herein, as to what is personal property, or what formed part of the realty, or the ownership thereto, and that the discontinuance is without prejudice to the rights of either party, and without prejudice to defendant's right to bring an action against the plaintiffs, and, on the undertaking given herein to continue the injunction, to establish his rights to any damage claimed by him by reason of the injunction granted and continued herein."

An order was entered on this stipulation containing four provisions: First, that the action is discontinued without costs to either party as against the other; second, that the injunction granted is vacated and set aside; third, that no adjudication has been had of the plaintiffs' right to the injunction obtained in the action, or as to what is personal property, or what formed part of the realty, or the ownership thereto; and, fourth, that the discontinuance is without prejudice to the rights of either party, "and without prejudice to the defendant's right to bring an action against the plaintiffs on the undertaking given herein to continue the injunction, and to establish his rights to any damages claimed by him by reason of the injunction granted and continued herein." After the entry of this order the defendant made a motion for the appointment of a referee to assess the damages which he claims to have sustained by reason of the granting of the undertaking. The clause of the undertaking upon which he claims his right to an award of damages is as follows:

"Plaintiffs will pay the defendant so enjoined such damages not exceeding the before-mentioned sum as he may sustain by reason of the injunction if the court finally decides that the plaintiffs were not entitled thereto; such damages to be ascertained and determined by the court, or by a referee appointed by the court, or by a writ of inquiry or otherwise as the court shall direct."

Plaintiffs contend that defendant is not entitled to the order which has been granted, for the reason that the court has not decided that the plaintiffs were not entitled to the injunction. There was no adjudication on the question of the plaintiffs' right to the injunction. This was the express language of the stipulation, and was embodied in the third clause of the order entered thereon. The defendant, before he can proceed against the sureties in the undertaking, is required to bring himself literally within its terms. As there was no adjudication that plaintiffs were not entitled thereto the defendant has not shown a case which entitled him to damages by the terms of the undertaking. This rule is well established. Apollinaris Co. v. Venable, 136 N. Y. 46, 32 N. E. 555; Kelley v. McMahon, 32 Hun, 347. While it is not in all cases necessary that a formal adjudication declaring that the plaintiff is not entitled to the undertaking should be had, yet, before an enforcement will be permitted, it must appear that the proceedings had

are the equivalent of such a result. Pacific M. S. Co. v. Toel, 85 N. Y. 646; Lawton v. Green, 64 N. Y. 326; Vanderbilt v. Schreyer, 28 Hun, 61. What has been held to constitute an equivalent for the adjudication is where the plaintiff, ex parte and without the consent of the defendants, enters an order vacating the injunction and discontinuing the action. So if the case was dismissed upon the application of the defendant for want of prosecution, the dismissal may be treated as an adjudication of the right. Apollinaris Co. v. Venable, supra. In Palmer v. Foley, 71 N. Y. 106, there was a voluntary stipulation for the discontinuance of the action by consent of all the parties, and an order was entered carrying that agreement into effect, and the action thus came to an end. It was claimed that such action constituted an equivalent to an adjudication that the plaintiff was not entitled to the injunction. Judge Folger, in disposing of such question, says:

"It is claimed that this is equivalent to the court finally deciding that the plaintiff was not entitled to the injunction order. Cases are cited which almost hold to that effect. I will not name them. In most of them there was some action of the court, upon the validity or merit of the injunction order, adverse to the plaintiff's right to have had it allowed. The plaintiff after such action discontinued of his own motion, and presumably in consequence thereof. In none of them was the discontinuance a matter of agreement between the parties to the action."

And it was held for these reasons, among others, that there was no breach of the undertaking, and consequently no right to proceed thereunder. That case, upon the question here involved, is conclusive of the defendant's right. In the present case the plaintiffs were most careful to show that no adjudication had been had, and none in fact was had, of the rights of the plaintiffs to the injunction, in any form. The right reserved in the stipulation to the defendant was not a right to enforce the undertaking. It provided that any rights which he had under the circumstances should not be prejudiced. The order did not enlarge the force and effect of the stipulation. Had it attempted to do so, it would have been entered without authority. As there had been no adjudication, the defendant has acquired no right to enforce the undertaking, because there was no breach of its terms. Consequently he was not, and could not be, prejudiced in the exercise of any remedy to enforce any right which he possessed. The right he seeks to enforce never existed, and the only effect of the stipulation and order was to save such rights as the defendant possessed at the time of the discontinuance; but nothing therein operated to extend to the defendant any right of action, or to prosecute any proceeding in the enforcement of any right, beyond such as he possessed at the time of the discontinuance, and, as he then possessed no right to enforce this undertaking, he made no case entitling him to an order of reference.

In Vanderbilt v. Schreyer, supra, relied upon by the defendant, it appeared that, upon an application by the defendant prior to the trial of the action, the court dissolved the injunction; and, as such action was subsequently discontinued, it was held that the order dissolving the injunction became operative as a final decision. Here nothing of the kind occurred, in consequence of which the case is only authority for the proposition that an exception exists where proceedings have been had

which are the equivalent of an adjudication that the plaintiff is not entitled to the injunction. That is not this case.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

———————

(96 App. Div. 376.)

### CARPENTER v. NEW YORK EVENING JOURNAL PUB. CO.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. LIBEL—EVIDENCE—HEARSAY.

In an action for libel in publishing a charge that plaintiff had been guilty of forgery, testimony in support of the defense of justification, given by one in the district attorney's office at the time of the publication, that he had made an examination into the charges against plaintiff, and had reported against their dismissal, and had told the recorder that in his opinion the case was "fixed," was hearsay and incompetent.

2. SAME—OPINIONS.

The testimony was also incompetent as containing the mere opinion of the witness as to the merits of the charge against plaintiff.

3. SAME.

Testimony of a reporter that he had stated to an attorney that plaintiff had quite a record as a "jail bird," and that the attorney had stated that there was no danger of any libel suit from plaintiff, was likewise incompetent.

4. SAME—JUSTIFICATION—SUFFICIENCY OF PROOF.

To constitute justification of a libel in which plaintiff was characterized as a "rogues' gallery man," the supporting proof must be as broad as the charge, and mere evidence that plaintiff's record was pigeonholed at police headquarters was insufficient to constitute justification.

5. SAME—EVIDENCE—POLICE RECORDS.

The record at police headquarters of a man's record is admissible, in an action for libeling him, only on the question of malice in the publication; it is not evidence of the facts stated therein, so as to constitute a justification for a criminal charge.

6. SAME—MITIGATING EVIDENCE—PUBLICATION OF OTHER LIBELS.

In order that the publisher of a libel may show, in mitigation of damages, the publication of similar libelous articles in other newspapers, it must be shown that he saw the articles in such papers, and was influenced thereby or believed them to be true.

7. APPEAL—PREJUDICIAL ERROR—CURE.

An appellate court must assume that improper and prejudicial testimony may have influenced the jury, and the error in its admission is not cured by other proof, however strong, in support of the verdict.