## WILSON v. WILSON.

(Supreme Court, Appellate Division, First Department. January 8, 1909.)

1. INJUNCTION (§ 235*)—LIABILITIES ON UNDERTAKINGS.

The final decision of an action is the test of liability for damages suffered by reason of a party obtaining a temporary injunction and giving the statutory undertaking, and there is no breach of the condition unless the court finally decides that the party obtaining the injunction was not entitled to it, or unless something occurs equivalent to such a decision.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 533; Dec. Dig. § 235.*]

2. INJUNCTION (§ 235*)—LIABILITIES ON UNDERTAKINGS.

In an action to recover personal property, plaintiff alleged that it had been bought by defendant as plaintiff's agent with plaintiff's money. Defendant asserted that the property belonged to him, and that plaintiff had taken possession of it during a temporary absence. Defendant obtained a temporary injunction restraining plaintiff from disposing of the property until the final judgment, and gave the statutory bond. The court determined that plaintiff had no cause of action, and that the property belonged to defendant, but because of a defect in the answer defendant was denied affirmative relief. Held, that there was not such final determination of the action in plaintiff's favor as entitled him to damages because of the injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 533; Dec. Dig. § 235.*]

Appeal from Special Term, New York County.

Action by Eugene F. Wilson against Carolyn Wilson. From an order granting plaintiff's motion for the appointment of a referee to ascertain damages caused by an injunction obtained by defendant, defendant appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and HOUGHTON, JJ.

David Gerber, for appellant.
Frank C. Avery, for respondent.

HOUGHTON, J. The plaintiff brought action against the defendant to have decreed that certain personal property, consisting of household furniture purchased by the defendant and for which she had taken a bill of sale in her own name, belonged to him, on the ground

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that it was purchased with his money by her as his agent. Plaintiff further asked that the defendant be restrained from incumbering, transferring, or disposing of such property, and that she be required to execute a bill of sale of the same to himself. The defendant denied that the property belonged to the plaintiff, or that she purchased it as plaintiff's agent, and asserted that it belonged to herself, and that the plaintiff had taken possession of it during her temporary absence from the house in which it was installed. On the trial the court found in favor of defendant, and dismissed plaintiff's complaint. In addition to dismissing the complaint, the court granted to defendant affirmative relief in the form of a decree for delivery of possession of the personal property by the plaintiff to the defendant, or, in default thereof, that he pay its value, which was assessed at $3,000. On appeal to this court, the judgment dismissing plaintiff's complaint was affirmed, but the affirmative relief granted to defendant was stricken out on the ground that her answer did not demand such relief. As so modified, the judgment was affirmed (126 App. Div. 941, 111 N. Y. Supp. 483). During the progress of the action, the defendant obtained a temporary injunction with an order to show cause why it should not be continued during the pendency of the action, restraining plaintiff from selling or incumbering the property or in any manner disposing of it until the final judgment therein. The defendant gave the undertaking prescribed by the Code on this injunction in the sum of $250, conditioned to pay such damages as the plaintiff might suffer, not exceeding that amount, "if the court finally decides that the defendant was not entitled thereto." On the return of the order to show cause, the plaintiff appeared by counsel, and an order was made denying a further injunction and setting aside the one which had been granted. After the decision of this court and the entry of judgment thereon, the plaintiff moved for the appointment of a referee to ascertain what damages he had sustained by reason of such injunction, and, from an order appointing such referee, the defendant appeals.

We think there was no such final determination of the action in plaintiff's favor as entitles him to assess any damages because of the injunction which the defendant obtained. The determination of the trial court and of this court was that the plaintiff had no cause of action whatever, and that the property in controversy did in fact belong to the defendant. It was only by reason of the technical defect in her answer that the defendant was denied affirmative relief awarding her possession, or, in case possession could not be had, a judgment for its value. There has been no final decision of the court that the defendant was not entitled to the injunction which she obtained. On the contrary, the final determination has been that the plaintiff had no title to the property, and, in effect, that he was wrongfully interfering with property which belonged to the defendant. The final decision of the action is the test of liability for damages suffered by reason of an injunction, and there is no breach of the condition of the statutory undertaking given thereon unless the court finally decides that the party obtaining it was not entitled to it, or unless something occurs equivalent to such a decision. Palmer v. Foley, 71 N. Y. 106; A. Co. v. Venable, 136 N. Y. 46, 32 N. E. 555; Benedict v. Benedict, 76

N. Y. 600. Had the plaintiff succeeded in his action, he would have been entitled to the appointment of a referee to assess such damages as he suffered by reason of the injunction which the defendant obtained. Having failed, however, he can get none.

The order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

