WISE SHOE Co., INC., Plaintiff, *v.* BENJAMIN FISCHER, as Executive Secretary of the Greater New York Federation of Locals or Branches of the Young Peoples Socialist League, and Others, Defendants.

Supreme Court, Kings County, January 2, 1936.

*Milton S. Gould [David G. Haskins* of counsel], for the plaintiff.

*Benjamin Wyle,* for the defendants.

CROPSEY, J. When this case appeared upon the equity calendar for trial plaintiff moved to discontinue. Defendant raised the question of costs and the right to an assessment of its damages under section 894 of the Civil Practice Act. The court took proof under that section when the point was raised by plaintiff that defendant, under the circumstances, was not entitled to damages. The plaintiff obtained an injunction, which was never vacated. Ordinarily, however, where thereafter a plaintiff discontinues an

action without the consent of the defendant, that will be deemed an adjudication that plaintiff was not entitled to the injunction, and hence the defendant would become entitled to the damages under the section mentioned. (*N. Y. C. & H. R. R. R. Co.* v. *Village of Hastings-on-Hudson*, 9 App. Div. 256; *Perlman* v. *Bernstein*, 83 id. 203; *Manning* v. *Cassidy*, 80 Hun, 127; *McGown* v. *Barnum*, 42 Misc. 585.) And even though leave to discontinue be granted, without costs, that in no way ordinarily affects the question of damages sustained by reason of the injunction. (*Vanderbilt* v. *Schreyer*, 28 Hun, 61, 62.)

There are decisions, however, which point out that under certain conditions, although an action has been discontinued, it is not deemed to be a determination that a plaintiff was not entitled to the injunction at the time it was granted. Thus in *Apollinaris Company* v. *Venable* (136 N. Y. 46) the dismissal of a complaint and the dissolution of an injunction were held not to constitute an adjudication that the plaintiff was not entitled to the latter at the time it was issued, where the dismissal and dissolution were ordered in connection with an adjudication that the plaintiff was guilty of contempt in interfering with the execution of a commission.

In *Taylor Worsted Co.* v. *Beolchi* (37 Misc. 691) it was held that where the discontinuance of the action was for some reason arising after the issuance of the injunction, the discontinuance was not a determination that the plaintiff was not entitled to the injunction. This case was cited with approval in *Hathorn* v. *Natural Carbonic Gas Co.* (163 App. Div. 768, at p. 775).

In *Freifeld* v. *Sire* (96 App. Div. 296) the discontinuance of an action which was entered upon consent and which stated that there was no adjudication on the question of the plaintiff's right to the injunction, although reserving to the defendant the right to bring an action on the undertaking, was held not to be such a final determination as to entitle the defendant to damages.

In *Palmer* v. *Foley* (71 N. Y. 106) a discontinuance entered by consent was held not to justify an award of damages.

Upon the hearing in this matter it is the court's recollection that it was virtually conceded by both sides that after the injunction in question had been granted and before the discontinuance was sought, plaintiff and its former workmen had adjusted their differences. If this be so, certainly the discontinuance of the action would seem not to be a determination that the plaintiff was not entitled to the injunction. If the court's recollection in this matter is incorrect, proof on this subject may be taken upon the application of either side. In the absence of such proof the court would be obliged to hold that no damages were recoverable.

Settle order on notice.