Leo A. Minskoff et al., Appellants, v. Fidelity and Casualty Company of New York, Respondent

First Department, July 6, 1967.

*Hiram G. Shields* for appellants.

*Raymond W. Dunne* of counsel (*McCormick Dunne & Foley,* attorneys), for respondent.

STEUER, J. Plaintiffs were defendants in a prior action in which Harsh Investment Corp. was plaintiff. An attachment was obtained and a levy made against their property. Defendant supplied the bond for the attachment. There were several defendants in that action and the proportion of the bond applicable to plaintiffs was $60,000. On motion of the plaintiffs here (defendants there), the attachment was vacated and Harsh's complaint was dismissed. The judgment of dismissal was affirmed in this court, *Harsh Inv. Corp.* v. *Minskoff* (24 A D 2d 842, mot. for lv. to app. den. 17 N Y 2d 421). Thereupon plaintiffs brought this action for the damage suffered by reason of the attachment. Both sides moved for summary judgment and Special Term granted defendant's motion.

The basis for the decision was that the dismissal of Harsh's action was on the ground of forum non conveniens and that this is not a determination on the merits. The palpable error in this determination lies in the fact that while the earlier decision did not finally determine that Harsh had no claim against these plaintiffs, it did finally determine that there was no right to the attachment which was obtained. The condition of the bond was "if . * * * it is finally decided that the plaintiff was not entitled to an attachment of the property of said defendants." That has been decided.

Cases relied on by Special Term are without application. *Thropp* v. *Erb* (255 N. Y. 75) enunciates the well-known principle that where an attachment is validly issued and not subject to vacatur on motion, a defendant successful on the merits is entitled to counsel fees in defending on the merits. To the same effect is *Elsman* v. *Glens Falls Ind. Co.* (146 Misc. 631). Obviously this is not an authority for the proposition contended, namely, that counsel fees or other damages resulting from the

attachment cannot be had unless the action is determined on the merits. Nor is the other authority relied on in point. In *Apollinaris Co.* v. *Venable* (136 N. Y. 46) the plaintiff obtained a temporary injunction and gave a bond for damages that might result from the temporary injunction if later found to be improperly given. The injunction was vacated not because of any impropriety in its issuance or any defect in plaintiff's right to final injunctive relief but because plaintiff was guilty of conduct found to be contemptuous. But even here the court, in denying the defendant relief on the bond, was careful to point out that it was not conditioned on plaintiff's ultimate right to recover but on whether he was entitled to a temporary injunction (p. 49). The court pointed out that if the obligation were interpreted otherwise a plaintiff who tied up the defendant by means of a temporary injunction could always avoid liability on the bond by discontinuing the action prior to trial and thereby forestall any decision on the merits of the action. And the court further pointed out that a determination that plaintiff had forfeited his right to keep the injunction in force by virtue of his subsequent conduct was not an adjudication that he did not have a right to the temporary injunction when it was issued.

Here the situation is the exact converse. It has been finally determined that the plaintiff Harsh had no right to bring the action in this forum. Having no such right, he had no right to obtain an attachment here and this is a final determination on the merits of the attachment. Whether or not Harsh can maintain an action in some other forum has nothing to do with the question presented.

The order entered October 28, 1966, and the judgment entered pursuant thereto should be reversed on the law, with costs and disbursements, and summary judgment granted to plaintiffs directing an assessment of damages.

McGIVERN, J. (dissenting). I dissent and would affirm. I cannot accept the view of the majority that the dismissal of the Harsh action on the ground of forum non conveniens constituted a final determination that the " plaintiff was not entitled to an attachment of the property of said defendants," and that he had no right to bring an action in this forum. Such a conclusion confuses the doctrine of forum non conveniens with lack of jurisdiction. Implicit in a dismissal for reasons of forum non conveniens is the recognition that the court did have jurisdiction.

In the instant case, the attachment against New York property of the appellants Minskoff was legal and subject to no infirmity. As was conceded in the plaintiff's motion for reargument, " The process was valid on its face. The action being for a money

judgment and the Minskoffs being nonresidents, their property was per se subject to attachment. (CPLR 6201) '' It conferred upon the court jurisdiction in rem. That it was valid was recognized by the motion to dismiss; this motion was not based on any alleged jurisdictional defect but on the ground of forum non conveniens. And when the judgment of dismissal was affirmed by this court (24 A D 2d 842, mot. for lv. to app. to Court of Appeals den. 17 N Y 2d 421), this constituted not a determination that the warrant of attachment was invalid but an affirmation that Special Term had not abused its discretion in declining to retain jurisdiction for reasons of convenience and expediency The court below correctly held: '' The attachment fell solely by reason of the court's refusal, in the exercise of its discretion, to retain jurisdiction; there was no final decision that plaintiff was not entitled to an attachment.''

And there having occurred no determination on the merits against the attaching creditor nor a finding that the attachment itself was invalid, there is no valid basis for a reversal of the order granting the respondent's motion for summary judgment.

*Apollinaris Co.* v. *Venable* (136 N. Y. 46) fully supports the affirmance of the order appealed from. In that case, as the majority on this appeal recognizes, the injunction involved was vacated because of the plaintiff's contemptuous interference with a commission to take testimony. But this did not constitute an adjudication (p. 49) '' that the plaintiff at the time the temporary injunction was issued, ' was not entitled thereto ', and especially would it be contrary to principle so to adjudge against the sureties of the undertaking.'' So, the holding was that the fault of the plaintiff, occurring subsequent to the grant of the temporary injunction, was not sufficient to permit a challenge to the validity of the temporary injunction when issued. A fortiori, there is less force to a claim that an attachment, valid per se when issued, suddenly loses its legality because the court, in its discretion does not choose to retain jurisdiction.

Also to be noted is that in the Supplementary Practice Commentary to CPLR 6212 (McKinney's Cons. Laws of N. Y., Book 7B, Suppl., p. 18) is to be found the following comment '' Attention should also be directed to the terms of the undertaking, since the plaintiff does not become liable thereunder *merely because the attachment is vacated, but only where it is decided that the plaintiff ' was not entitled ' to the attachment.* Vacation of the attachment for a technical reason would, accordingly, not make the plaintiff liable on the bond.'' (Emphasis added.)

There is here present no element of law, logic or equity requiring the imposition of liability upon an undertaking given in

support of a concededly valid attachment. But for a twist of circumstance, this court may well have directed that jurisdiction be retained, as this court unanimously did in *Katz* v. *Liston* (22 A D 2d 205). In any event, jurisdiction was present herein subject to retention or rejection, at the court's discretion.

STEVENS, J. P., TILZER and McNALLY, JJ., concur with STEUER, J.; McGIVERN, J., dissents in opinion.

Order and judgment reversed, on the law, with $50 costs and disbursements to appellants, defendant's motion for summary judgment denied, and plaintiffs' motion for summary judgment granted, with $10 costs, and an assessment of damages directed. The appeal from the order entered on November 3, 1966, denying plaintiffs' motion for reargument is dismissed, without costs or disbursements.